UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

BURGER KING COMPANY LLC,

    Plaintiff,

vs.

EDUARDO E. DIAZ, EYM KING OF
MICHIGAN, LLC and EYM KING, L.P.,

    Defendants.
_____/

## COMPLAINT

Plaintiff Burger King Company LLC ("BKC"), by and through the undersigned counsel, sues Defendants Eduardo E. Diaz ("Diaz"), EYM King of Michigan, LLC ("Company"), EYM King, L.P. ("EYM") (Diaz and EYM are hereinafter collectively referred to as "Guarantors"), (Guarantors and Company are hereinafter collectively referred to as "Defendants") and states:

1. This is an action for money damages against Defendants for breaches of written agreements between BKC and Defendants due to their failure to timely pay amounts due to BKC in relation to the operation of BURGER KING® Restaurants located in Michigan. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because BKC and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### I. THE PARTIES

2. Plaintiff BKC is a Florida limited liability company with its principal place of business located in Miami, Florida. The sole member of Plaintiff BKC is Burger King Corporation,

a Florida corporation with its principal place of business located in Miami, Florida.

3. Defendant Company is a Texas limited liability company with its principal place of business located in Texas. Defendant EYM is the sole member of Company.

4. Defendant EYM is a Texas limited partnership with its principal place of business located in Texas. Non-party EYM Group Inc. is the general partner of EYM. Non-party EYM Group Inc. is a Texas corporation with its principal place of business in Texas.

5. Defendant Diaz is a citizen and resident of Texas.

## II. JURISDICTION AND VENUE

6. BKC operates and franchises restaurants throughout the World. BKC's franchise operations are conducted and supervised from its World Headquarters located in Miami, Florida. BKC and Defendants have carried on a continuous course of direct communications by mail, e-mail and telephone through BKC's World Headquarters in Miami, Florida.

7. The course of dealing between BKC and its franchisees, including Defendants, shows that decision-making authority is vested in BKC's World Headquarters in Miami, Florida.

8. Defendants negotiated with BKC in Miami, Florida for the acquisition of long-term franchise agreements and other agreements with the knowledge that they would benefit from their affiliation with BKC.

9. Defendants voluntarily entered into franchise and guarantee relationships with BKC, which envisioned continuing and wide-reaching contacts with BKC in Florida, including regulation of their franchised businesses from BKC's World Headquarters in Miami, Florida.

10. Defendants have purposefully availed themselves of the benefits and protection of Florida law by entering into franchise and guarantee agreements with BKC which expressly provide that Florida law will govern any disputes among the parties.

11. Defendants have breached written agreements which were to be performed in Florida due to their failure to timely make payments to BKC in Miami, Florida. These breaches have caused damage to BKC at its headquarters in Miami, Florida.

12. This Court has jurisdiction over this action based upon 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

13. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. § 1391(a)(2) and the forum selection clauses agreed to by the parties in their written agreements.

14. Defendants have agreed in writing that this Court has jurisdiction over them in any litigation arising directly, indirectly, under or in connection with the franchise and guarantee agreements entered between the parties.

15. Defendants have further agreed in writing that in any litigation to enforce the terms of the various franchise and guarantee agreements between BKC and Defendants, BKC, as the prevailing party, shall be paid by Defendants all costs, including attorneys' fees, incurred as a result.

16. BKC has engaged undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the franchise and guarantee agreements between the parties.

17. All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

### III. BKC'S WRITTEN AGREEMENTS WITH DEFENDANTS

#### A. The Franchise Agreements

18. Company owns and operates 14 franchised BURGER KING® Restaurants in Michigan using BKC's systems and names, including service marks and trademarks, in accordance

with the terms and conditions of 14 BURGER KING® Restaurant Franchise Agreements (collectively the "Franchise Agreements"), as set forth below:

| BURGER KING® Restaurant Number | Address | Franchise Agreement Dated |
|---|---|---|
| 237 | 3625 South Dort Highway, Flint, MI 48507 | 9/18/2017 |
| 410 | 28203 Plymouth Road, Livonia, MI 48150 | 4/27/2017 |
| 1284 | 8201 Woodward Avenue, Detroit, MI 48202 | 4/27/2017 |
| 3532 | 1113 East West Maple Road, Walled Lake, MI 48390 | 1/2/2018 |
| 3995 | 34835 Plymouth Avenue, Livonia, MI 48150 | 4/27/2017 |
| 4149 | 18021 Kelly Road, Detroit, MI 48224 | 4/27/2017 |
| 7056 | 20240 Plymouth Road, Detroit, MI 48228 | 8/31/2016 |
| 9897 | 9774 East M-36, Whitmore Lake, MI 48189 | 4/27/2017 |
| 10437 | 12661 Mack Avenue, Detroit, MI 48215 | 8/31/2016 |
| 10753 | 9239 Gratiot Avenue, Detroit, MI 48213 | 8/31/2016 |
| 11891 | 3801 Clio, Flint, MI 48504 | 10/9/2018 |
| 12421 | 13324 Woodward Avenue, Highland Park, MI 48203 | 10/9/2018 |
| 21688 | 16245 Livernois Ave, Detroit, MI 48221 | 11/17/2015 |
| 22126 | 3863 W Jefferson Ave, Ecorse, MI 48229 | 5/25/2016 |

### B. The Guarantees

19.     Pursuant to written guarantees, Guarantors jointly, severally, absolutely and unconditionally guaranteed the payment and performance of each and every obligation of Company under the Franchise Agreements (hereinafter collectively the "Guarantees").

### IV. RELEVANT TERMS OF THE PARTIES' AGREEMENTS

20.     Under the terms of the Franchise Agreements, Company is obligated to make payments to BKC for royalties, advertising and other fees. Specifically, the Franchise Agreements require Company to pay BKC a royalty of a certain percentage of weekly gross sales in return for the use of the BURGER KING® System and the BKC Marks. Additionally, the Franchise Agreements obligate Company to pay BKC an amount equal to a certain percentage of monthly

4

gross sales for the preceding calendar month in return for advertising, sales promotion and public relations expenditures made by BKC on behalf of the entire BURGER KING® System. All royalty and advertising payments are required to be made to BKC in Miami, Florida. The Franchise Agreements each provide that the failure to make such payments constitutes an act of default under the Franchise Agreements.

## V. DEFENDANTS' DEFAULTS UNDER THE AGREEMENTS

21. The Franchise Agreements and Guarantees (collectively the "Agreements") contain provisions regarding default and establishing the parties' rights and obligations in the event of a default by Defendants thereunder.

22. By letter dated February 14, 2023, BKC notified Defendants that they were in default of their obligations under the Agreements (the "Notices of Default").

23. Specifically, Defendants failed to pay amounts when due for royalties, advertising, and other charges for their respective BURGER KING® Restaurants under the Franchise Agreements and Guarantees.

## COUNT I
## BREACH OF FRANCHISE AGREEMENTS
## (Against Company)

24. BKC re-alleges and incorporates Paragraphs 1 through 23 above as if fully set forth herein.

25. Company has not paid when due amounts owed to BKC under the Franchise Agreements for royalties, advertising and other amounts.

26. BKC has made demand for payment of these past due receivables.

27. The failure of Company to pay BKC as obligated are breaches of the Franchise Agreements.

28. These breaches have directly and proximately caused loss and damage to BKC.

**COUNT II**
**BREACH OF GUARANTEES**
**(Against Diaz and EYM)**

29. BKC re-alleges and incorporates Paragraphs 1 through 23, and 25 through 28 above as if fully set forth herein.

30. Company defaulted under the Franchise Agreements by failing to pay amounts due to BKC.

31. Pursuant to the Guarantees, Guarantors jointly, severally, unconditionally and irrevocably personally guaranteed to BKC the payment and performance of each and every obligation of Company under the Franchise Agreements should Company fail to perform such obligations.

32. The failure of Guarantors to ensure Company's compliance with the Franchise Agreements constitute breaches of the Guarantees.

33. These breaches have directly and proximately caused loss and damage to BKC.

**DEMAND FOR ATTORNEYS' FEES AND COSTS**

The Agreements at issue in this litigation provide that the prevailing party is entitled to its attorneys' fees and costs. BKC hereby demands that it be reimbursed by Defendants for all costs and expenses (including attorneys' fees) relating to prosecution of this action.

WHEREFORE, Plaintiff Burger King Company LLC demands judgment against Defendants Eduardo E. Diaz, EYM King of Michigan, LLC and EYM King, L.P., jointly and severally, for damages, pre-judgment interest, costs, attorneys' fees, together with such other and further relief as this Court deems just and proper.

Dated: February 14, 2023.                              Respectfully submitted,

**s./ Jessica Serell Erenbaum**

_____
Michael D. Joblove
Florida Bar No.: 354147
mdjoblove@venable.com
Jessica Serell Erenbaum
Florida Bar No.: 816000
jserenbaum@venable.com
Venable LLP
4400 Miami Tower
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 349-2300

*Attorneys for Plaintiff Burger King Company LLC*